**IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BTC INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:** |
| | ) | |
| **v.** | ) | **Judge** |
| | ) | **Magistrate Judge** |
| **ASH HAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT

---

Plaintiff BTC Inc. ("BTC"), by and through its undersigned counsel, files this Complaint against Defendant Ash Han ("Han") and, in support thereof, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.    BTC is a corporation organized under the laws of the State of Delaware with its principal place of business in Puerto Rico.

2.    Han is a natural person who, upon information and belief, resides in the Republic of Korea and is the former chief executive officer and sole shareholder of Blockinpress Co., Ltd. ("BIP").

3.    Upon information and belief, Han, acting as chief executive officer and sole shareholder, liquidated BIP pursuant to the laws of the Republic of Korea and distributed all assets to creditors and shareholders and is thus no longer a viable entity to be named in this instant Complaint.

4.    This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between BTC and Han and the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b)(3) and (c)(3) because Han resides outside the United States and may be sued in any judicial district, and because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this District.

6.     This Court has personal jurisdiction over Han because Han purposefully availed himself of conducting business within Nashville, Tennessee, the contracts at issue were negotiated in Nashville, Tennessee, and the contracts at issue were to be performed in Nashville, Tennessee.

## FACTUAL ALLEGATIONS

7.     On August 22, 2018, BTC, Han and BIP executed an Equity Purchase Agreement (the "Purchase Agreement"), pursuant to which BTC purchased ten-thousand shares (10,000) – representing one percent (1%) – of BIP common stock from Han for one hundred thousand dollars ($100,000.00), which was paid in Bitcoin to a wallet address designated by Han.  The Purchase Agreement is attached as **Exhibit A**.

8.     Pursuant to Section 1 of the Purchase Agreement, Han agreed to sell, transfer and convey to BTC the BIP Stock, free and clear of all liens and encumbrances.

9.     In accordance with Section 4(a) of the Purchase Agreement, BIP was obligated at Closing to deliver to BTC an acknowledgement of Share Transfer and BIP's corporate seal with seal certificate.

10.     Pursuant to Section 5(a) of the Purchase Agreement, both BIP and Han – jointly and severally, represented and warranted that, at Closing, Han would transfer good, valid and marketable title to the purchased shares of BIP, free and clear of all liens, encumbrances, security interests, options, claims, charges and restrictions.

2

11.     Additionally, in Section 5(c), both Han and BIP agreed that the Purchase Agreement constituted a legal, valid and binding Agreement enforceable against each in accordance with its terms.

12.     Pursuant to Section 7(b), Han and BIP were to execute and deliver any additional documents and instruments necessary to carry out the provisions of and give effect to the transactions contemplated by the Purchase Agreement.

13.     In Section 8 of the Purchase Agreement, BIP was obligated to deliver a certificate of non-issuance of share certificates to BTC and register BTC on BIP's shareholders list within three (3) days of Closing.

14.     Following the Closing, per Section 9, BTC was to be a shareholder of BIP and have legal status as a shareholder pursuant to the laws of the Republic of Korea and the Articles of Incorporation of BIP.

15.     In addition, per section 10(a), Han and BIP, jointly and severally, agreed to indemnify BTC and its Representatives and hold BTC and its Representatives harmless against and in respect of any and all losses, liabilities, damages, obligations, claims, encumbrances, costs and expenses (including without limitation reasonable attorneys' fees) incurred by each of BTC and its Representatives resulting from any breach, inaccuracy or non-fulfillment of any representation, warranty, covenant or agreement made by Han or BIP pursuant to the Purchase Agreement or the Option Agreement.

16.     Concurrently, BTC and Han executed an Option Agreement dated August 22, 2018 (the "Option Agreement"), under which BTC had the unilateral right to exchange three percent (3%) of BTC Media, LLC units for nine percent (9%) of BIP common stock. The Option

Agreement is attached as **Exhibit B**. The Option Agreement and Purchase Agreement shall be referred to collectively as the "Agreements."

17. The Option Agreement automatically exercised, effective January 1, 2019.

18. Upon completion, under Section 5 of the Option Agreement, Han was obligated to transfer the BIP Option Shares in such form as is necessary for BTC to acquire legal ownership of the BIP Option Shares in accordance with the laws of the Republic of Korea, deliver a certificate of non-issuance of share certificates and deliver an instrument signifying BTC's agreement to be bound by the terms and conditions of BIP's Operating Agreement.

19. Additionally, under Section 6 of the Option Agreement, if there was ever a "Reorganization of BIP," Han was obligated to provide BTC with written notice of such "Reorganization."

20. In Section 9 of the Option Agreement, Han and BIP agreed that neither would sell, transfer or otherwise dispose of any of the Option Units, alter BIP's organizational documents that would detrimentally affect the rights of BTC's Option Units or take any action that would prejudice the value of the Option Units.

21. Section 12(a) of the Option Agreement mandated that BIP shall allow BTC to attend all meetings of BIP's board of directors or similar body in a non-voting observer capacity.

22. The Parties, both in the Purchase Agreement and the Option Agreement, agreed that the Agreements were made under the laws of the State of Delaware and for all purposes shall be construed in accordance with the laws of Delaware.

23. Additionally, both Parties agreed that the exclusive jurisdiction related to any action arising out of or related to the Agreements were to be the courts located in the district of the principal place of business of BTC – Nashville, Tennessee.

4

24.     Subsequently, on January 1, 2019, BTC and Han entered into an Amendment to Option Agreement, under which Han was to receive 20,999 shares of Common Stock of BTC Inc. in lieu of BTC Media Option Units.  The Amendment to Option Agreement is attached as **Exhibit C**.  The Option Agreement and Amendment to Option Agreement shall be collectively referred to as the "Option Agreement."

25.     BTC delivered full payment of the $100,000 purchase price and satisfied all of its obligations as it relates to the Agreements.

26.     BTC transferred the BTC Inc. Option Shares to Han as required under the Option Agreement.

27.     Despite BTC's full payment and satisfaction of its obligations, Han and BIP failed to transfer and convey to BTC the BIP Stock.

28.     Despite BTC's full payment and satisfaction of its obligations, Han and BIP failed to deliver the acknowledgment of Share Transfer and BIP's corporate seal with seal certificate.

29.     Despite BTC's full payment and satisfaction of its obligations, Han and BIP failed to register BTC on BIP's shareholder list within three (3) days of Closing.

30.     Despite BTC's full payment and satisfaction of its obligations, Han and BIP failed to deliver the certificate of non-issuance of share certificates as required under the Agreements.

31.     Despite BTC's full payment and satisfaction of its obligations, Han and BIP failed to transfer good, valid and marketable title to the purchased BIP Stock to BTC and failed to reflect BTC as holder of the BIP Option Shares on BIP's books and records.

32.     After Closing, BTC attempted to contact Han and BIP regarding the transfer of the purchased BIP Stock.

33.     Despite diligent, repeated efforts to contact Han and BIP, BTC was unsuccessful.

34. Ultimately, BTC was unable to reach contact or obtain any further information from Han and BIP.

35. In July 2025, BTC made renewed efforts to search for Han and BIP.

36. It was at this time that BTC first discovered that on July 28, 2022, Han liquidated BIP without providing BTC any of the required written notice of a reorganization or dissolution.

37. Han and BIP did not allow BTC to attend, and/or failed to inform BTC about BIP board meetings, as provided for in Section 12(a) of the Option Agreement.

38. BTC was denied the rights and benefits of share ownership in BIP and of the BIP Option Shares promised in the Agreements.

39. In essence, BTC paid Han and BIP $100,000 and transferred 20,999 Units in BTC Stock and received nothing in return.

40. As a result, BTC did not receive the consideration for which it bargained and has suffered damages in an amount to be determined at trial.

## <u>COUNT I – BREACH OF CONTRACT</u>

41. BTC realleges and incorporates by reference Paragraphs 1–23 as though fully set forth herein.

42. The Purchase Agreement is a valid and enforceable contract governed by Delaware law.

43. The Option Agreement as amended by the Amendment to Option Agreement is a valid and enforceable contract governed by Delaware law.

44. BTC performed all obligations under the Purchase Agreement and Option Agreement including payment of one hundred thousand dollars ($100,000.00).

45. BTC performed all obligations required of it, including tendering BTC equity as specified in the Amendment and cooperating to effect completion of the exchange.

46. Han and BIP breached the Purchase Agreement by failing to deliver the acknowledgment of share transfer with corporate seal and seal certificate; failing to transfer good, valid and marketable title to the shares; failing to register BTC on the shareholders list and deliver the certificate of non-issuance; and by liquidating BIP without honoring BTC's rights.

47. Han and BIP breached the Option Agreement, by failing to transfer the BIP Option Shares in a manner sufficient for BTC to acquire legal ownership under Korean law, failing to reflect BTC as a holder of such shares on BIP's books and records, failing to provide notice of reorganization and dissolution and failing to allow BTC to attend BIP board meetings.

48. BTC promptly notified Han of his failure to effectuate consideration for the Agreements entered into and demanded for restoration of the status quo.

49. BTC did not receive consideration for the payment of one hundred thousand dollars ($100,000.00).

50. BTC made diligent, reasonable efforts to obtain information from Han regarding the transfer of BIP Stock.

51. Only upon BTC's own efforts researching Han and BIP did BTC discovery BIP was liquidated and dissolved pursuant to the laws of the Republic of Korea. This discovery, as well as the other breaches by Han and HIP were not made until July of 2025.

52. As a direct and proximate result, BTC has suffered damages and is entitled to recission of the Agreements.

53. Alternatively, BTC is entitled to monetary damages in an amount to be determined at trial.

## COUNT II – FRAUDULENT INDUCEMENT/MISREPRESENTATION

54.     BTC realleges and incorporates by reference paragraphs 1–31 as though fully set forth herein.

55.     Han made material representations and warranties in Section 5 of the Purchase Agreement and incorporated warranties in the Option Agreement.

56.     Han's material representations and warranties were false when made or made with reckless disregard for the truth.

57.     Han represented that BTC would receive good, valid and marketable title and would be registered as a shareholder and reflected in BIP's books and records.

58.     BTC relied on Han's representations when entering into the Agreements, effectuating the transfer of equity in BTC to Han, and paying one hundred thousand dollars ($100,000.00).

59.     BTC's reliance was reasonable and resulted in damages.

60.     BTC made diligent, reasonable efforts to obtain information from Han regarding the transfer of BIP Stock.

61.     Only upon BTC's own efforts researching Han and BIP did BTC discovery BIP was liquidated and dissolved pursuant to the laws of the Republic of Korea.

62.     As a direct and proximate result, BTC has suffered damages and is entitled to recission of the Agreements.

63.     Alternatively, BTC is entitled to monetary damages in an amount to be determined at trial.

## COUNT III – NEGLIGENT MISREPRESENTATION

64.     BTC realleges and incorporates by reference paragraphs 1–37 as though fully set forth herein.

65.     Alternatively, Han negligently made false statements of material fact.

66.     Han's material representations and warranties in Section 5 of the Purchase agreement and incorporated warranties in the Option Agreement, specifically that Han would transfer good, valid and marketable title to the BTC purchased shares of BIP, were negligently made false statements.

67.     Han failed to exercise reasonable care in ensuring the truth of the material representations and warranties in Section 5 of the Purchase agreement and incorporated warranties in the Option Agreement.

68.     The Agreements were procured by BTC's reliance on Han's material representations and warranties.

69.     BTC made diligent, reasonable efforts to obtain information from Han regarding the transfer of BIP Stock.

70.     Only upon BTC's own efforts researching Han and BIP did BTC discovery BIP was liquidated and dissolved pursuant to the laws of the Republic of Korea.

71.     As a direct and proximate result, BTC has suffered damages and is entitled to recission of the Agreements.

72.     Alternatively, BTC is entitled to monetary damages in an amount to be determined at trial.

## COUNT IV – UNJUST ENRICHMENT/QUANTUM MERUIT

73.     BTC realleges and incorporates by reference paragraphs 1–42 as though fully set forth herein.

74.     This count is alleged in the alternative to Count I and insofar as no enforceable or valid written contract exists between the parties.

75.     BTC conferred a benefit upon Han when Han received one hundred thousand dollars ($100,000.00) and a transfer of equity in BTC.

76.     Han appreciated the benefits of that benefit by receiving the one hundred thousand dollars ($100,000.00) and equity shares in BTC for his own use to the detriment of BTC.

77.     The Parties reasonably understood that BTC was to be compensated for the payment of one hundred thousand dollars ($100,000.00) and transfer of equity to BTC to Han.

78.     BTC made diligent, reasonable efforts to obtain information from Han regarding the transfer of BIP Stock.

79.     Only upon BTC's own efforts researching Han and BIP did BTC discovery BIP was liquidated and dissolved pursuant to the laws of the Republic of Korea.

80.     It would be inequitable and unjust to allow Han to retain the benefit of the one hundred thousand dollars ($100,000.00) and the equity in BTC without the payment of consideration, the delivery of BIP Stock and fulfillment of Han's obligations pursuant to the Agreements.

81.     BTC has suffered damages as a result of Han's unjust enrichment.

## COUNT V – CONVERSION

82.     BTC realleges and incorporates by reference paragraphs 1–49 as though fully set forth herein.

83. Han failed to transfer to BTC shares in BIP and liquidated BIP without honoring BTC's rights.

84. Han wrongfully exercised dominion over property to which BTC had rights.

85. Specifically, Han wrongfully exercised dominion over the purchased BIP shares and the BIP Option Shares.

86. BTC made diligent, reasonable efforts to obtain information from Han regarding the transfer of BIP Stock.

87. Only upon BTC's own efforts researching Han and BIP did BTC discovery BIP was liquidated and dissolved pursuant to the laws of the Republic of Korea.

88. BTC has suffered damages as a result of Han's wrongful conversion.

## COUNT VI – DECLARATORY JUDGMENT

89. BTC realleges and incorporates by reference paragraphs 1–54 as though fully set forth herein.

90. A genuine dispute exists between BTC and Han as to the Parties' rights and obligations under the Agreements.

91. This Court has the authority and jurisdiction to declare the rights and obligations of the Parties under the Agreements.

92. BTC seeks a declaration of the rights and obligations of the Parties under the Agreements, specifically a declaration that (a) the Purchase Agreement, Option Agreement and Amendment are rescinded; (b) BTC is entitled to restitution of one hundred thousand dollars ($100,000.00) and cancellation and return of any BTC equity exchanged; and (c) Han has no further rights arising from the Purchase Agreement, Option Agreement and Amendment.

## PRAYER FOR RELIEF

On these bases, BTC requests that this Court enter judgment in its favor and against Han as follows:

A. Rescinding the Purchase Agreement, Option Agreement and Amendment and restoring the Parties to the status quo ante;

B. Awarding restitution to BTC in the amount of one hundred thousand dollars ($100,000.00), or such other amount proven at trial, together with pre- and post-judgment interest;

C. Ordering the return and cancellation of any BTC equity tendered under the Option Amendment;

D. Awarding compensatory damages for breach of contract and other claims in an amount to be proven at trial;

E. Awarding punitive damages where permitted by law;

F. Declaring the rights and obligations of the Parties consistent with the above;

G. Awarding BTC its attorneys' fees and costs as permitted by law or equity; and

H. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Jeremey R. Goolsby*
Jeremey R. Goolsby, TN Bar No. 34505
Daniel D. Choe, TN Bar No. 037680
FBT GIBBONS LLP
150 3rd Avenue South, Suite 1900
Nashville, TN  37201
615-251-5550 Telephone
615-251-5551 Facsimile
jgoolsby@fbtgibbons.com
dchoe@fbtgibbons.com

*Attorneys for Plaintiff BTC Inc.*

0134810.0816038  4921-3151-9623